UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
2:10cv 505
10 JUN -3 PM 3:40

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
JUDGE SARGUS COLUMBUS
MAGISTRATE JUDGE KEMP

| | |
|---|---|
| FIRST NATIONAL BANK OF SYRACUSE, FOR ITSELF AND THROUGH ITS LOAN SERVICER THE FIRST NATIONAL BANK OF OMAHA, a National Bank 11 North Main, P.O. Box 928 Syracuse, Kansas, 67878<br><br>Plaintiff,<br>v.<br><br>MIDWEST AG INVESTMENT LLC, a/k/a MIDWEST AG INVESTMENTS, LLC, an Ohio limited liability company 1290 North Shoop, No. 140 Wauseon, Ohio 43567<br><br>Defendant. | Case No. _____<br><br>Judge _____<br><br>Magistrate Judge _____<br><br><br>Corporate Disclosure Statement<br><br>PERMANENT PARCEL NOS.<br>B06-0-001-00-166-00<br>AND<br>G-17-0-001-00-283-00<br>AND<br>BO6-0-001-00-165-02<br><br>PICKAWAY COUNTY, OHIO |

The First National Bank of Syracuse, for itself and by its loan servicer, the First National Bank of Omaha by and through its attorneys, John E. Haller and Shumaker Loop & Kendrick, LLP, and John O'Brien and Snell & Wilmer L.L.P. (*pro hac vice* motion pending), hereby submits its Complaint For Judicial Foreclosure as follows:

### GENERAL ALLEGATIONS

A.  Parties.

1.  The First National Bank of Syracuse (the "Bank") is a national bank with its main office located at 11 North Main, P.O. Box 928, Syracuse, Kansas, 67878.

2.  The First National Bank of Omaha ("FNB Omaha") is a national bank whose main office is located at 1620 Dodge Street, P.O. Box 3128, Omaha, Nebraska 68102. FNB Omaha is the servicer of one of the two Notes held by the Bank as further described herein.

3. Midwest Ag Investment LLC a/k/a Midwest Ag Investments, LLC ("Midwest Ag") is an Ohio limited liability company whose principal place of business is located at 1290 N. Shoop, No. 140, Wauseon, Ohio 43567. The sole member and manager of Midwest Ag is Vrebadairy B.V., a Netherlands private company, whose principal place of business is Vredewag 6 5816 AK Vredepeel, Netherlands and which has a USA office at 1290 N. Shoop, No. 140, Wauseon, Ohio 43567.

B. Jurisdiction and Venue.

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332(a)(1) because there is diversity of citizenship between Plaintiff and the Defendant, and the aggregate principal amount due and owing to the Bank under the Notes (as defined herein) is not less than the sum of $20,000,000, the Mortgage (as defined herein) secures the Notes in the amount of $2,000,000, and the value of the Property (as defined herein) is approximately $930,000.

5. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claims herein occurred and because the Defendant resides in this judicial district.

6. Defendant has transacted business in Ohio by variously maintaining its business operations in Ohio, transacting business at the Property, and/or executing the Mortgage (as defined herein) in Ohio.

7. The acts of Defendant and/or consequences caused by Defendant have a substantial enough connection with Ohio to make the Court's exercise of jurisdiction over the Defendants fundamentally fair.

### FIRST CLAIM FOR RELIEF
(Judicial Foreclosure of Real Estate Mortgages)

8. The Bank realleges and incorporates by this reference all the foregoing paragraphs of this Complaint.

A.   The Notes

9.   On or about August 17, 2007 Vreba-Hoff Genetics, LLC ("Vreba-Hoff") executed and delivered to the Bank its promissory note in the original principal amount of $28,000,000 (the "Vreba-Hoff Note").  A true and correct copy of the Vreba-Hoff Note with all extensions and modifications thereto is attached hereto as Exhibit 1.  Vreba-Hoff is not a defendant herein because the Bank has brought a civil action to enforce the Vreba-Hoff Note in the District Court of Hamilton County, Kansas, and this civil action is limited to foreclosing the Property descried below located in Pickaway County, Ohio.

10.   The Bank is the holder of the Vreba-Hoff Note, and FNB Omaha is the servicer of the Vreba-Hoff Note.

11.   Pursuant to the terms of the Vreba-Hoff Note as modified, Vreba-Hoff promised to pay the Bank all of the principal and interest on the Vreba-Hoff Note on May 31, 2009, although an extension was subsequently granted to September 1, 2009.  Vreba-Hoff failed to repay the Vreba-Hoff Note on September 1, 2009, and the Vreba-Hoff Note is in default.  Vreba-Hoff failed to cure its default, and pursuant to the terms of the Vreba-Hoff Note the entire unpaid balance of the Vreba-Hoff Note is immediately due and payable in full. As of May 3, 2010, the unpaid balance of the Vreba-Hoff Note was $16,372,784.36 calculated as follows:

| | |
|---|---:|
| Unpaid Principal as of 5/3/10 | $15,636,802.01 |
| Accrued Interest through 5/3/10 | 735,932.35 |
| Late Charges as of 5/3/10 | 50.00 |
| Total unpaid balance as of 5/3/10 | $16,372,784.36 |

Although the Bank could have imposed the default rate of interest at any time after September 1, 2009, the Bank voluntarily waived default interest until May 4, 2010.  The Vreba-Hoff Note continues to accrue interest on and after May 4, 2010 at the default per annum rate of 18% (current per diem is $7,818.40).  Pursuant to the terms of the Vreba-Hoff Note, the Bank is entitled to

recover its reasonable costs and attorneys' fees incurred in the collection and enforcement of the Vreba-Hoff Note and enforcement of the Bank's rights in the security for the Vreba-Hoff Note.

12. On or about October 31, 2007, West Kansas Dairy, LLC ("West Kansas Dairy") executed and delivered to the Bank its promissory note in the original principal amount of $13,000,000 (the "West Kansas Dairy Note"). A true and correct copy of the West Kansas Dairy Note with all extensions and modifications thereto is attached hereto as Exhibit 2. West Kansas Dairy is not a defendant herein because the Bank has brought a civil action to enforce the West Kansas Dairy Note in the District Court of Hamilton County, Kansas, and this civil action is limited to foreclosing the real property described below located in Pickaway County, Ohio.

13. The Bank is the holder of and the servicer of the West Kansas Dairy Note.

14. Pursuant to the terms of the West Kansas Dairy Note as modified, West Kansas Dairy promised to pay the Bank all principal and interest on the West Kansas Dairy Note on May 31, 2009, although an extension was subsequently granted to September 1, 2009.

15. West Kansas Dairy failed to pay the West Kansas Dairy Note on September 1, 2009, and the West Kansas Dairy Note is in default. West Kansas Dairy failed to cure its default, and pursuant to the terms of the West Kansas Dairy Note the entire unpaid balance of the West Kansas Dairy Note is immediately due and payable in full. As of May 3, 2010, the unpaid balance of the West Kansas Dairy Note was $4,303,655.60 calculated as follows:

| | |
|---|---:|
| Unpaid Principal as of 5/3/10 | $3,980,063.22 |
| Accrued Interest through 5/3/10 | 323,542.38 |
| Late Charges as of 5/3/10 | 50.00 |
| Total unpaid balance as of 5/3/10 | $4,303,655.60 |

Although the Bank could have imposed the default rate of interest at any time after September 1, 2009, the Bank voluntarily waived default interest until May 4, 2010. The West Kansas Dairy Note continues to accrue interest on and after May 4, 2010 at the default per annum rate of 18% (current per diem is $1,990.03). Pursuant to the terms of the West Kansas Dairy Note, the Bank is entitled

to recover its reasonable costs and attorneys' fees incurred in the collection and enforcement of the West Kansas Dairy Note and enforcement of the Bank's rights in the security for the West Kansas Dairy Note.

16. Hereafter, the Vreba-Hoff Note and the West Kansas Dairy Note are collectively referred to as the "Notes."

B. <u>The Mortgage</u>

17. To secure the Notes, and subject to a maximum lien of $2,000,000, on or about March 20, 2009, Midwest Ag executed and delivered to the Bank a mortgage which was recorded on May 20, 2009, at 628 O.R. 1620 Pickaway County Recorder's Office as ratified by a Ratification of Mortgage dated August 7, 2009, a true and correct copy of which is attached hereto as <u>Exhibit 3</u> (the "Mortgage"). FNB Omaha is the loan Servicer of the Mortgage. The Mortgage grants the Bank a first lien on the following described property (the "Property"):

THE FOLLOWING DESCRIBED PROPERTY LOCATED IN THE COUNTY OF PICKAWAY
STATE OF OHIO:

Description of 22.935 Acres
Virginia Military Survey Numbers 5375 & 5907
Townships of Darby and Monroe
Pickaway County, Ohio

Situate in Virginia Military Survey Numbers 5375 and 6907, Townships of Darby and Monroe, County of Pickaway, being part of a 156.32 acre tract, known as Tract Number 1, conveyed to David E. Shannon (1/2 Interest) and Mary Ellen Shannon (1/2 Interest) in Deed Volume 274, Page 197, more particularly described as follows:

Beginning at a mag nail found at the Intersection of the centerlines of Five Points Pike and Blain Road, thence along the centerline of Five Points Pike, South 12°10'02" East a distance of 1150.71 feet to a mag nail set at the True Point of Beginning;

Thence continuing along the centerline of Five Points Pike, South 12°10'02" East a distance of 150.00 feet of a mag nail set at the northeast corner of a 24.21 acre tract conveyed to Jay B. Writsel and Rebecca S. Writsel in Deed Volume 257, Page 761;

Thence along the north line of said 24.21 acre tract and the north line of a 90 acre tract, known as Parcel Two, conveyed to Harold Seymour in Deed Volume 281, Page 484. South 57°53'46" West, passing a 5/8" iron pin set on the west right-of-way line of Five Points Pike at 23.93 feet, at total distance of 2586.81 feet to a 5/8" iron pin with Haley-Dusa cap found at a southeast corner of a 63.440 acre tract conveyed to Van Der Burg Dairy, LLC in Official Record 581, Page 532;

Thence along the east line of said 63.440 acre tract, North 02°36'00" East a distance of 1111.24 feet to a 5/8" iron pin set;

Thence along a new division line, South 87°24'00" East a distance of 1356.93 feet to a 5/8" iron pin set;

Thence continuing along a new division line, North 57°53'46" East, passing a 5/8" iron pin set on the west right-of-way line of Five Points Pike at 865.82 feet, a total distance of 889.75 feet to the True Point of Beginning.

Containing 22.935 acres, more or less, of which 0.077 acres are within the right-of-way of Five Point Pike, leaving a net area of 22.858 acres. The 22.935 acre tract being 22.121 acres in Darby Township and 0.814 acres in Monroe Township.

Subject to all legal highways, easements, and restrictions of record.

    Best of Bearings: centerline of Blain Road
           South 86°30'00" East – Deed Volume 274, Page 197

A (5/8" iron pin set) refers to a 30" long rebar with a plastic identification cap stamped "Haley-Dusa 6819".

This description is based upon a filed survey conducted under the supervision of John P. Haley, Registered Surveyor, Ohio License Number 6819, on May 24, 2006.

And

Description of 63.440 Acres
Virginia Military Survey Numbers 5375 & 5970
Townships of Darby and Monroe
Pickaway County, Ohio

Situate in Virginia Military Survey Numbers 5375 and 6907, Townships of Darby and Monroe, County of Pickaway, being all of a 49.37 acre tract, known as Tract Number 2, and part of a 156.32 acre tract, known as Tract Number 1, conveyed to David E. Shannon (1/2 Interest) and Mary Ellen Shannon (1/2 Interest) in Deed Volume 274, Page 197, more particularly described as follows:

Beginning at a mag nail found at the intersection of the centerlines of Five Points Pike and Blain Road, thence along this centerline of Blain Road, South 69°51'17" West a distance of 1946.47 feet to a mag nail set at the True Point of Beginning;

Thence along a new division line, South 02°36' 00" West, passing a 5/8" iron pin set on the south right-of-way line of Blain Road at 16.26 feet, a total distance of 1977.93 feet to a 5/8" iron pin set on north line of a 90 acre tract, known as Parcel Two, Tract One, conveyed to Harold Seymour in Deed Volume 281, Page 484;

Thence along the north line of said 90 acre tract, South 57°53'46" West a distance of 370.66 feet to a 5/8" iron pin set;

Thence continuing along the north line of said 90 acre tract and the north line of a 178.1021 acre tract conveyed to Scott V. Upton and Cheryl M. Mansky in Official Record 555, Page 1556, North 86°30'26" West, passing an 8" wood post found at the northwest corner of said 90 acre tract at 1304.66 feet, also being a northeast corner of said 178.1021 acre tract, a total distance of 1332.69 feet to a stone found at the southeast corner of a 49.37 acre tract conveyed to a Loren Alan Doddroe, Trustee and Edna Carol Doddroe, Trustee in Official Record 104, Page 798;

Thence along the east line of said Doddroe's 49.37 acre tract, North 04°00'00" East, passing a 5/6" iron pin set on the south right-of way line of Blain Road at 1628.45 feet, a total distance of 1643.45 feet to a mag nail set on the centerline of Blain Road at the northeast corner of said Doddroe's 49.37 acre tract;

Thence along the centerline of said Blain Road, South 56°30'00"East a distance of 1311.42 feet to a 5/8" iron pin set at an angle point in Blain Road;

Thence continuing along the centerline of Blain Road, North 03°15'30" East a distance of 428.08 feet to a 5/8" iron pin set at an angle point in Blain Road;

Thence continuing along the centerline of Blain Road, North 69°51'17" East a distance of 304.61 feet to the True Point of Beginning.

Containing 63.440 acres, more or less, of which 0.705 acres are within the right-of-way of Blain Road, leaving a net area of 62.735 acres. The 63.440 acre tract described above, of which 49.875 acres being all of said 49.37 acre tract and 13.565 acres being from said 156.32 acre tract. Also the 63.440 acre tract being 47.843 acres in Darby Township and 15.597 acres in Monroe Township.

Subject to all legal highways, easements, and restrictions of record.

Best of Bearings: centerline of Blain Road
South 86°30'00" – Deed Volume 274, Page 197

A (5/8" Iron pin set) refers to a 30" long rebar with a plastic identification cap stamped "Haley-Dusa 6819".

This Description is based upon a filed survey conducted under the supervision of John P Haley, Registered Surveyor, Ohio License Number 6819, on June 1, 2005.

Together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights, watercourses and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters.

18. The Bank is the current beneficiary of the Mortgage.

E. The Property.

19. The Property is a vacant parcel of land consisting of 86 acres, more or less, with a permit for 2210 cows and has site work started for a 2000 cow dairy unit.

20. A true and correct copy of First American Title Insurance Company Commitment No. 00008828 dated March 24, 2010 at 8:00 a.m. related to the Property is attached hereto as Exhibit 4.

F. The Default and Remedies.

21. The Mortgage is in default because of Vreba-Hoff's default under the Vreba-Hoff Note and West Kansas Dairy's default under the West Kansas Dairy Note.

22. The Mortgage grants the Bank the right to foreclose the Mortgage and the Property upon default.

23. Midwest Ag may claim an interest in the Property by virtue of a vesting deed or other interest in the Property.

24. The Bank is entitled to a foreclosure decree ordering and decreeing, among other things, that the Bank's Mortgage on the Property is a good, valid and binding first priority Mortgage on the Property to the extent of the $2,000,000 limitation stated in the Mortgage, and that the Bank's interest in the Property by virtue of the Mortgage is senior to the interests of all other parties in this case in the Property, and that the Bank is entitled to foreclose its senior interest in the Property, and

that upon completion of the foreclosure, and in the absence of redemption, the interests of all other parties in this case in the Property shall be forever foreclosed, terminated, and extinguished.

WHEREFORE, the Bank prays for judgment in its favor and against all other parties as follows:

A. For an order declaring that the Bank's Mortgage is a good, valid, and binding first priority Mortgage on the Property to the extent of the $2,000,000 limitation stated in the Mortgage, and that the Bank has the senior lien against all other parties in this case with respect to the Property and entering a foreclosure decree foreclosing the Bank's first lien on the Property; and

B. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ John E. Haller*
John E. Haller, Trial Attorney (0031289)
SHUMAKER, LOOP & KENDRICK, LLP
41 South High Street, Suite 2400
Columbus, OH 43215
Tel: 614.628.4430
Fax: 614.573.7228
Email: jhaller@slk-law.com

And

*/s/ John O'Brien*
John O'Brien (*pro hac vice* motion pending)
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202-5854
Tel: 303.634.2000
Fax: 303.634.2020
Email: jobrien@swlaw.com

**ATTORNEYS FOR FIRST NATIONAL BANK OF SYRACUSE, FOR ITSELF AND BY ITS LOAN SERVICER, THE FIRST NATIONAL BANK OF OMAHA**