UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FIRST NATIONAL BANK OF SYRACUSE, FOR ITSELF AND THROUGH ITS LOAN SERVICER THE FIRST NATIONAL BANK OF OMAHA, a National Bank 11 North Main, P.O. Box 928 Syracuse, Kansas 67878 <br>                 Plaintiff, <br>    v. <br> MIDWEST AG INVESTMENTS, LLC, a/k/a MIDWEST AG INVESTMENTS, LLC, An Ohio limited liability company 1290 North Shoop, No. 140 Wauseon, Ohio 43567 <br>                 Defendant. | Case No. 2:10-cv-505 <br> Judge Sargus <br> Magistrate Judge Kemp <br><br> **FINAL JUDGMENT AND** <br> **FORECLOSURE DECREE** <br><br> PERMANENT PARCEL NOS. <br> B06-0-001-00-166-00 <br> AND <br> G-17-0-001-00-282-00 <br> AND <br> G-17-0-001-00-283-00 <br> AND <br> BO6-0-001-00-165-02 <br><br> PICKAWAY COUNTY |

THIS MATTER having come before the Court upon the Motion For Final Judgment and Foreclosure Decree (the "Motion") filed by Plaintiff the First National Bank of Syracuse, for itself and by its loan servicer, the First National Bank of Omaha (the "Bank"), the Default Judgment against Midwest Ag Investment LLC a/k/a Midwest Ag Investments, LLC entered on March 28,

2011 and upon good grounds appearing therefor, and this Court being fully advised of the premises, finds and orders as follows:

## FINDINGS AND CONCLUSIONS

A.  Jurisdiction, Venue, Military Service.

1. The Court finds that this Final Judgment And Decree of Foreclosure (the "Judgment and Decree of Foreclosure"), pursuant to the Bank's Motion for Entry of Final Judgment And Decree of Foreclosure and the Default Judgments entered against Defendant Midwest Ag Investment LLC a/k/a Midwest Ag Investments, LLC (the "Defendant").

2. The Court finds that it has jurisdiction over all of the parties in this case and the subject matter of this action pursuant to 28 U.C.S. § 1332(a)(1).

3. The Court finds that venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims herein occurred and because the Defendant resides in this judicial district.

4. The Court finds that the Defendant is an Ohio limited liability company and is not incompetent, minor, or serving in the military. Attached hereto as Exhibit 1 is the Affidavit of John O'Brien regarding the incompetent, minor, or military service of the Defendant.

B.  Procedural History.

5. The Court finds that the procedural history of this case is as follows:

(a) On June 3, 2010, the Bank filed its Complaint for Judicial Foreclosure.

(b) On June 15, 2010, the Bank recorded its Notice of Lis Pendens in volume 642, page 533-538, reception no. 20100003196, Pickaway County Records (the "Lis Pendens"). On June 22, 2010, the Bank filed with this Court a recorded copy of the Lis Pendens.

(c)  On June 4, 2010, the Defendant was served with a Summons and copy of the Complaint in this case. A true and correct copy of the Proof of Service is attached hereto as Exhibit 2.

(d)  On March 28, 2011, the Court entered its Judgment in a Civil Case (the "Judgment") entering judgment in favor of the Bank and against the Defendants for foreclosure of certain real property.

(e)  On June 29, 2010, the Debtor filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Indiana (the "Bankruptcy Court"), Case No. 10-09782-AJM-11 and the automatic stay pursuant to 11 U.S.C. § 362 went into effect.

(f)  On February 9, 2011, the Bankruptcy Court granted the Bank relief from the automatic stay to complete the foreclosure of the real property that is the subject of this foreclosure case. A true and correct copy of the Bankruptcy Court's Order granting the Bank relief from the automatic stay was filed with this Court on February 15, 2011 at Docket No. 14.

(g)  On March 28, 2011, this Court entered its Order Granting Plaintiff's Motion for Default Judgment Against Midwest Ag Investment LLL (the "Default Judgment Order").

(h)  On March 28, 2011, this Court entered its Judgment in a Civil Case, granting judgment in favor of the Bank and against the Defendant.

C.  The Loan Documents.

6.  The Court finds, that on or about August 17, 2007 Vreba-Hoff Genetics, LLC ("Vreba-Hoff") executed and delivered to the Bank its promissory note in the original principal amount of $28,000,000 (the "Vreba-Hoff Note").

3

7.      The Court finds that Vreba-Hoff is not a defendant herein because the Bank has brought a civil action to enforce the Vreba-Hoff Note in the District Court of Hamilton County, Kansas, and this civil action is limited to foreclosing the Property descried below located in Pickaway County, Ohio.

8.      The Court finds that the Bank is the holder of the Vreba-Hoff Note, and FNB Omaha is the servicer of the Vreba-Hoff Note.

9.      The Court finds that pursuant to the terms of the Vreba-Hoff Note as modified, Vreba-Hoff promised to pay the Bank all of the principal and interest on the Vreba-Hoff Note on May 31, 2009, although an extension was subsequently granted to September 1, 2009. Vreba-Hoff failed to repay the Vreba-Hoff Note on September 1, 2009, and the Vreba-Hoff Note is in default. Vreba-Hoff failed to cure its default, and pursuant to the terms of the Vreba-Hoff Note the entire unpaid balance of the Vreba-Hoff Note is immediately due and payable in full. As of April 5, 2011, the unpaid balance of the Vreba-Hoff Note was $17,329,953.66 calculated as follows:

| | |
|---|---|
| Unpaid Principal as of 4/5/11 | $15,503,721.48 |
| Accrued Interest through 4/5/11 | 1,826,182.18 |
| Late Charges as of 4/5/11 | 50.00 |
| Total unpaid balance as of 4/5/11 | $17,329,953.66 |

Attached hereto as Exhibit 3 is the Affidavit of Ginny Stichternath containing the payment history reflecting the amount due on the Vreba-Hoff Note as of the date of the Motion.

10.     The Court finds that although the Bank could have imposed the default rate of interest at any time after September 1, 2009, the Bank voluntarily waived default interest until May 4, 2010. The Vreba-Hoff Note continues to accrue interest on and after May 4, 2010 at the default per annum rate of 18% (current per diem is $7,818.40).

4

11. The Court finds that pursuant to the terms of the Vreba-Hoff Note, the Bank is entitled to recover its reasonable costs and attorneys' fees incurred in the collection and enforcement of the Vreba-Hoff Note and enforcement of the Bank's rights in the security for the Vreba-Hoff Note.

12. The Court finds that on or about October 31, 2007, West Kansas Dairy, LLC ("West Kansas Dairy") executed and delivered to the Bank its promissory note in the original principal amount of $13,000,000 (the "West Kansas Dairy Note").

13. The Court finds that West Kansas Dairy is not a defendant herein because the Bank has brought a civil action to enforce the West Kansas Dairy Note in the District Court of Hamilton County, Kansas, and this civil action is limited to foreclosing the real property described below located in Pickaway County, Ohio.

14. The Court finds that the Bank is the holder of and the servicer of the West Kansas Dairy Note.

15. The Court finds that pursuant to the terms of the West Kansas Dairy Note as modified, West Kansas Dairy promised to pay the Bank all principal and interest on the West Kansas Dairy Note on May 31, 2009, although an extension was subsequently granted to September 1, 2009.

16. The Court finds that West Kansas Dairy failed to pay the West Kansas Dairy Note on September 1, 2009, and the West Kansas Dairy Note is in default. West Kansas Dairy failed to cure its default, and pursuant to the terms of the West Kansas Dairy Note the entire unpaid balance of the West Kansas Dairy Note is immediately due and payable in full. As of April 5, 2011, the unpaid balance of the West Kansas Dairy Note was $4,583,089.21 calculated as follows:

5

| | |
|---|---|
| Unpaid Principal as of 4/5/11 | $3,980,063.22 |
| Accrued Interest through 4/5/11 | 602,975.99 |
| Late Charges as of 4/5/11 | 50.00 |
| Total unpaid balance as of 4/5/11 | $4,583,089.21 |

Attached hereto as Exhibit 3 is the Affidavit of Ginny Stichternath containing the payment history reflecting the amount due on the West Kansas Diary Note as of the date of the Motion.

17. The Court finds that although the Bank could have imposed the default rate of interest at any time after September 1, 2009, the Bank voluntarily waived default interest until May 4, 2010. The West Kansas Dairy Note continues to accrue interest on and after May 4, 2010 at the default per annum rate of 18% (current per diem is $1,990.03).

18. The Court finds that pursuant to the terms of the West Kansas Dairy Note, the Bank is entitled to recover its reasonable costs and attorneys' fees incurred in the collection and enforcement of the West Kansas Dairy Note and enforcement of the Bank's rights in the security for the West Kansas Dairy Note. Hereafter, the Vreba-Hoff Note and the West Kansas Dairy Note are collectively referred to as the "Notes."

19. The Court finds that to secure the Notes, and subject to a maximum lien of $2,000,000, on or about March 20, 2009, Midwest Ag executed and delivered to the Bank a mortgage which was recorded on May 20, 2009, at 628 O.R. 1620 Pickaway County Recorder's Office as ratified by a Ratification of Mortgage dated August 7, 2009 (the "Mortgage"). FNB Omaha is the loan Servicer of the Mortgage.

20. The Court finds that the Mortgage grants the Bank a first lien on the following described property (the "Property"):

THE FOLLOWING DESCRIBED PROPERTY LOCATED IN THE COUNTY OF PICKAWAY
STATE OF OHIO:

6

Description of 22.935 Acres
Virginia Military Survey Numbers 5375 & 5907
Townships of Darby and Monroe
Pickaway County, Ohio

Situate in Virginia Military Survey Numbers 5375 and 6907, Townships of Darby and Monroe, County of Pickaway, being part of a 156.32 acre tract, known as Tract Number 1, conveyed to David E. Shannon (1/2 Interest) and Mary Ellen Shannon (1/2 Interest) in Deed Volume 274, Page 197, more particularly described as follows:

Beginning at a mag nail found at the Intersection of the centerlines of Five Points Pike and Blain Road, thence along the centerline of Five Points Pike, South 12°10'02" East a distance of 1150.71 feet to a mag nail set at the True Point of Beginning;

Thence continuing along the centerline of Five Points Pike, South 12°10'02" East a distance of 150.00 feet of a mag nail set at the northeast corner of a 24.21 acre tract conveyed to Jay B. Writsel and Rebecca S. Writsel in Deed Volume 257, Page 761;

Thence along the north line of said 24.21 acre tract and the north line of a 90 acre tract, known as Parcel Two, conveyed to Harold Seymour in Deed Volume 281, Page 484. South 57°53'46" West, passing a 5/8" iron pin set on the west right-of-way line of Five Points Pike at 23.93 feet, at total distance of 2586.81 feet to a 5/8" iron pin with Haley-Dusa cap found at a southeast corner of a 63.440 acre tract conveyed to Van Der Burg Dairy, LLC in Official Record 581, Page 532;

Thence along the east line of said 63.440 acre tract, North 02°36'00" East a distance of 1111.24 feet to a 5/8" iron pin set;

Thence along a new division line, South 87°24'00" East a distance of 1356.93 feet to a 5/8" iron pin set;

Thence continuing along a new division line, North 57°53'46" East, passing a 5/8" iron pin set on the west right-of-way line of Five Points Pike at 865.82 feet, a total distance of 889.75 feet to the True Point of Beginning.

Containing 22.935 acres, more or less, of which 0.077 acres are within the right-of-way of Five Point Pike, leaving a net area of 22.858 acres. The 22.935 acre tract being 22.121 acres in Darby Township and 0.814 acres in Monroe Township.

Subject to all legal highways, easements, and restrictions of record.

7

Best of Bearings: centerline of Blain Road
South 86°30'00" East – Deed Volume 274, Page 197

A (5/8" iron pin set) refers to a 30" long rebar with a plastic identification cap stamped "Haley-Dusa 6819".

This description is based upon a filed survey conducted under the supervision of John P. Haley, Registered Surveyor, Ohio License Number 6819, on May 24, 2006.

And

Description of 63.440 Acres
Virginia Military Survey Numbers 5375 & 5970
Townships of Darby and Monroe
Pickaway County, Ohio

Situate in Virginia Military Survey Numbers 5375 and 6907, Townships of Darby and Monroe, County of Pickaway, being all of a 49.37 acre tract, known as Tract Number 2, and part of a 156.32 acre tract, known as Tract Number 1, conveyed to David E. Shannon (1/2 Interest) and Mary Ellen Shannon (1/2 Interest) in Deed Volume 274, Page 197, more particularly described as follows:

Beginning at a mag nail found at the intersection of the centerlines of Five Points Pike and Blain Road, thence along this centerline of Blain Road, South 69°51'17" West a distance of 1946.47 feet to a mag nail set at the True Point of Beginning;

Thence along a new division line, South 02°36' 00" West, passing a 5/8" iron pin set on the south right-of -way line of Blain Road at 16.26 feet, a total distance of 1977.93 feet to a 5/8" iron pin set on north line of a 90 acre tract, known as Parcel Two, Tract One, conveyed to Harold Seymour in Deed Volume 281, Page 484;

Thence along the north line of said 90 acre tract, South 57°53'46" West a distance of 370.66 feet to a 5/8" iron pin set;

Thence continuing along the north line of said 90 acre tract and the north line of a 178.1021 acre tract conveyed to Scott V. Upton and Cheryl M. Mansky in Official Record 555, Page 1556, North 86°30'26" West, passing an 8" wood post found at the northwest corner of said 90 acre tract at 1304.66 feet, also being a northeast corner of said 178.1021 acre tract, a total distance of 1332.69 feet to a stone found at the southeast corner of a 49.37 acre tract conveyed to a Loren Alan Doddroe, Trustee and Edna Carol Doddroe, Trustee in Official Record 104, Page 798;

8

Thence along the east line of said Doddroe's 49.37 acre tract, North 04°00'00" East, passing a 5/6" iron pin set on the south right-of way line of Blain Road at 1628.45 feet, a total distance of 1643.45 feet to a mag nail set on the centerline of Blain Road at the northeast corner of said Doddroe's 49.37 acre tract;

Thence along the centerline of said Blain Road, South 56°30'00"East a distance of 1311.42 feet to a 5/8" iron pin set at an angle point in Blain Road;

Thence continuing along the centerline of Blain Road, North 03°15'30" East a distance of 428.08 feet to a 5/8" iron pin set at an angle point in Blain Road;

Thence continuing along the centerline of Blain Road, North 69°51'17" East a distance of 304.61 feet to the True Point of Beginning.

Containing 63.440 acres, more or less, of which 0.705 acres are within the right-of-way of Blain Road, leaving a net area of 62.735 acres. The 63.440 acre tract described above, of which 49.875 acres being all of said 49.37 acre tract and 13.565 acres being from said 156.32 acre tract. Also the 63.440 acre tract being 47.843 acres in Darby Township and 15.597 acres in Monroe Township.

   Subject to all legal highways, easements, and restrictions of record.

   Best of Bearings: centerline of Blain Road
           South 86°30'00" – Deed Volume 274, Page 197

A (5/8" Iron pin set) refers to a 30" long rebar with a plastic identification cap stamped "Haley-Dusa 6819".

This Description is based upon a filed survey conducted under the supervision of John P Haley, Registered Surveyor, Ohio License Number 6819, on June 1, 2005.

Together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights, watercourses and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters.

21.   The Court finds that the Bank is the current beneficiary of the Mortgage.

22.   The Court finds that the Defendant is in default under the Mortgage because payments on the Notes have not been made.

9

23. The Court finds that the Mortgage secured $2,000,000 of the debt owed under the Notes.

24. The Court finds that the Property is a vacant parcel of land consisting of 86 acres, more or less, with a permit for 2210 cows and has site work started for a 2000 cow dairy unit.

25. The Court finds that a true and correct copy of First American Title Insurance Company Commitment No. 00008828 dated March 24, 2010 at 8:00 a.m. related to the Property is attached hereto as Exhibit 4.

## JUDGMENT

Having made the foregoing findings of fact and conclusions of law as may be supplemented below, the Court enters the following Orders and Judgment:

IT IS HEREBY ORDERED that judgment is entered in favor of the Bank and against Defendant Midwest Ag Investment a/k/a Midwest Ag Investment, LLC on account of the Bank's First Claim for relief. In this regard, it is hereby adjudicated and decreed that the Bank has, and the Mortgage is, the first priority lien on all of the Property.

IT IS HEREBY ORDERED that the lien of the Bank on the Property by virtue of the Mortgage is hereby declared to be senior, prior, and paramount to any right, title, lien, interest, or estate or equity or claim of all other parties in this case.

IT IS HEREBY ORDERED that unless the sums found to be due to the bank are fully paid within 10 days from the date of the entry of this Judgment and Foreclosure Decree, the equity redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interest of all parties to this action subject to redemption by the Defendant pursuant to Ohio Rev. Code § 2329.33. An order of sale shall be issued to the Special

Master, directing him to appraise, advertise, and sell the Property according to the law and the orders of this Court and to report his proceedings to this court.

IT IS HEREBY ORDERED that notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

IT IS HEREBY ORDERED that upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Pickaway County Recorder and Clerk of Courts directing him to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the Property.

IT IS SO ORDERED

DATED this  3rd  day of  May  ,  2011 .

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

11